UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARYL K. BURNETT, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO.  1:07-CV-00008 |
| | ) |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION, | ) ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Motion for Entry of Protective Order filed by Defendant, seeking approval of a proposed protective order.[1] (Docket # 16.)  The Motion will be GRANTED IN PART, as the Court agrees a protective order is warranted in this instance; however, the Court REJECTS the form of proposed protective order (Exhibit A to the Motion) submitted by Defendant because it contains numerous defects.

To explain, Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by Defendant provides no basis for finding good cause.

First, the proposed order makes no effort to specify why the purported protected materials are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter*

---

[1] A hearing was held on Defendant's Motion on the date hereof. (See Docket # 18.)

*Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Second, the order's definition of "Confidential" is impermissibly broad.  It states:

> 'Confidential' information means such information that is used by a party in, or pertaining to, its business or personal dealings, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. Confidential information includes, but is not limited to, the following:
> . . . .
> 3.  Financial documents or information relating to the parties or to International's employees, former employees, investors, investors, services, and products . . .;
> 4.  Other private, confidential and/or proprietary information that should be kept Confidential.

(Proposed Protective Order at 2.)  Likewise, the order's definition of "Highly Confidential" is overly broad.  It provides:

> 'Highly Confidential' information means particularly sensitive technical and business documents, information, and material, both business and personal that relate to proprietary information that the producing party reasonably believes is of such nature and character that disclosure of such information would be harmful to the producing party.  Highly Confidential [i]nformation includes, but is not limited to, the following:
> 1. Documents or information related to the design, manufacturing, or servicing of International's products, and similar trade secrets;
> 2. Documents or information related to the manner in which International conducts business such as sales data or strategy, and similar trade secrets;
> 3. Documents or information related to International's agents, customers or customers' business such as customer files, sales data, and similar trade secrets . . . .

(Proposed Protective Order at 2.)

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid).  Here, the portions of the

2

proposed order articulated above create vague, overly-inclusive categories that leaves one to wonder what information would fall outside the scope of the order. *See id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

In addition, the proposed order includes numerous terms that are a "fudge," such as "includes, but is not limited to," "reasonably believes," "such as," "containing," and "relating to." (Proposed Protective Order ¶ 2.) This compounds the vagueness of the proposed order and expands its boundaries even further. *See Cincinnati Insurance*, 178 F.3d at 945 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Moreover, the proposed order makes the filing on the record of redacted documents optional, rather than mandatory. (Proposed Protective Order at 5 ("[A] copy of such filing having the Confidential information deleted or redacted therefrom *may* be made part of the public record of this proceeding." (emphasis added))); *see Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents *containing* confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately

3

protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid); *Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby GRANTS IN PART Defendant's Motion for Entry of Protective Order, but rejects the form of proposed protective order (Exhibit A) submitted by Defendant (Docket # 16; *see also* Docket # 18).  Consequently, Defendant is granted leave to submit a new form of protective order.  SO ORDERED.

Enter for this 30th day of March, 2007.

                                                     S/ Roger B. Cosbey

Roger B. Cosbey,
United States Magistrate Judge